UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| TYRONE HURT, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 1:14-cv-00396-NT |
| | ) | |
| JAMES E. BOASBERG, et als., | ) | |
| | ) | |
| Defendants | ) | |

**RECOMMENDED DECISION**

Plaintiff Tyrone Hurt, a resident of Washington, District of Columbia, proceeding *pro se*, filed this action in which he apparently asserts claims against numerous defendants, including James E. Boasberg, U.S. District Court Judge. The Court previously granted Plaintiff's request to proceed *in forma pauperis*. (ECF No. 4.)

In a case in which a party is proceeding *in forma pauperis* under section 1915, the Court "shall dismiss the case at any time if the court determines that … the action is … frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). The United States Supreme Court has explained that this provision of the *in forma pauperis* statute "is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit." *Neitzke v. Williams,* 490 U.S. 319, 327 (1989).

When considering whether a complaint states a claim for which relief may be granted, the Court must "assume the truth of all well-plead facts and give the plaintiff[] the benefit of all

reasonable inferences therefrom." *Blanco v. Bath Iron Works Corp.*, 802 F. Supp. 2d 215, 221 (D. Me. 2011) (quoting *Genzyme Corp. v. Fed. Ins. Co.,* 622 F.3d 62, 68 (1st Cir. 2010)). A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). Here, as explained below, a review of Plaintiff's Complaint reveals that Plaintiff has not and cannot state a claim upon which relief can be granted. Accordingly, the recommendation is that the Court dismiss Plaintiff's Complaint.

Preliminarily, because Plaintiff's Complaint is difficult to decipher, the gravamen of Plaintiff's claim is not entirely clear. A review of the Complaint and the newspaper article attached to the Complaint suggests that Plaintiff complains about certain events that occurred in Washington, D.C. While Plaintiff might be concerned about the events described in the Complaint, Plaintiff must articulate a claim that seeks relief for a "personal, particularized injury." *Hollingsworth v. Perry*, 133 S. Ct. 2652, 2667 (2013); *see also Osediacz v. City of Cranston*, 414 F.3d 136, 139 (1st Cir. 2005) (discussing standing as a constitutional limitation on the power of federal courts). Regardless of his status as a taxpayer, Plaintiff does not have standing to proceed in federal court based on the Defendants' alleged conduct in incidents which did not involve Plaintiff. *Hein v. Freedom from Religion Found., Inc.*, 551 U.S. 587, 593 (2007) ("[T]he payment of taxes is generally not enough to establish standing to challenge an action taken by the Federal Government."). Because Plaintiff lacks standing to assert the claims set forth in the Complaint, Plaintiff has not and cannot state a claim upon which relief can be granted.[1]

---

[1] As mentioned above, the exact nature of Plaintiff's claim is unclear. To the extent that Plaintiff's claim against Defendant Boasberg is based on a judicial decision issued by Defendant, Plaintiff's claim would also be barred as under the circumstances Defendant would be immune from suit. *Butz v. Economou*, 438 U.S. 478, 511 (1978).

2

Based on the foregoing analysis, therefore, the recommendation is that the Court dismiss Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2).

**NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. Section 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection. Fed. R. Civ. P. 72(b)(2).

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 14th day of November, 2014.